UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RANDALL MILNER,<br><br>    Plaintiff,<br><br>v.<br><br>DUSTIN DODD, et al.,<br><br>    Defendants. | Case No. 25-cv-03350-JSC<br><br>**ORDER RE: EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 32 |

Now pending before the Court is Erik Randall Milner's "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." (Dkt. No. 32.)[1] The Court DENIES without prejudice Mr. Milner's petition because it seeks release from detention, a form of relief not available in this section 1983 action.

**BACKGROUND**

On April 15, 2025, Mr. Milner—proceeding without an attorney—sued Dustin Dodd, Pete Peirsig, Jose Valasquez[2], Nick Tuscani, Napa Probation Department, "(C.W.S.) and Martha Ramirez CWS worker," "(N.E.W.S) Napa women's emergency services fake 'non profit,'" and Aric Bright. (Dkt. No. 1 at 2-3.) The complaint alleges the following: (1) on August 31, 2023, Napa County Officers Dustin Dodd and Pete Piersig "left [Mr. Milner] locked in [a] police car for over two hours in extreme heat," (*id.* at 5); (2) that same day, Officer Velazquez questioned Amanda Dawson[3] when she was "hospitalized and sedated," (*id.* at 6); (3) also on August 23,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] The complaint lists the defendant as "Jose Valasquez," although subsequent allegations describe the actions of "Officer Valazquez." Although the last name is spelled differently, the Court understands "Jose Valasquez" and "Officer Valazquez" to be the same person.
[3] The complaint does not allege the identity of Amanda Dawson. Ms. Dawson separately represents she is Mr. Milner's fiancé. (Dkt. No. 36.)

1   2023, Officers Tuscani and Lipscomb "entered [Mr. Milner's] residence without a warrant and
2   later seized [his] truck without a warrant," (*id.*); (4) on October 19, 2023, "CPS workers Martha
3   and Jiminez, with Officers Lipscomb and Tuscani, removed [Mr. Milner's] son without a warrant"
4   and "with no emergency or new evidence," (*id.*); (5) on December 20, 2024, "Napa County
5   Probation revoked [Mr. Milner's] probation without warning, hearing, or a new violation," (*id.*);
6   and (6) on December 24, 2024—the day Mr. Milner filed a motion to vacate his sentence—a new
7   warrant was issued against him in "clear retaliation for exercising [his] legal rights," (*id.*).  Mr.
8   Milner also alleges he "discovered that the nonprofit NEWS . . . falsely advertises that its services
9   are voluntary" and "Amanda Dawson was forced into NEWS programming."  (*Id.*)  While Mr.
10  Milner was not required to participate in NEWS programming, he "was still court-ordered to pay
11  them money as part of [his] release conditions" which "violates federal grant rules and [his] civil
12  rights."  (*Id.*)   His three claims allege violations of his constitutional rights, including his Eighth,
13  Fourteenth, and First Amendment rights.  (*Id.* at 7-13.)  Mr. Milner brings these claims under 42
14  U.S.C. § 1983.  (Dkt. No. 1-1 at 1.)

15          Approximately three months after filing his complaint, on July 11, 2025, Mr. Milner filed
16  the pending "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241."  (Dkt.
17  No. 32 at 1.)  The petition asserts Mr. Milner, "currently held at Napa County Jail[,] . . . is in
18  illegal pretrial detention in violation of his First, Sixth, and Fourteenth Amendment rights."  (*Id.*)
19  He asserts he has been "[d]etained longer than [the] statutory maximum under Pen. Code §
20  1382(a)(3)(B)" and seeks an "[i]mmediate TRO prohibiting detention under PC § 1368" and
21  "[i]mmediate review of [his] detention status."  (*Id.* at 3.)  Mr. Milner also seeks an injunction
22  requiring access to "court, legal mail, and law library."  (*Id.* at 3.)

23          On July 15, 2025, this case was reassigned to Judge Orrick because "[o]ne or more of the
24  parties . . . sought a type of judicial action (e.g., a temporary restraining order) that a United States
25  Magistrate Judge may not take without the consent of all parties, the necessary consents ha[d] not
26  been secured, and time [was] of the essence."  (Dkt. No. 33.)  On July 17, 2025, pursuant to Civil
27  Local Rule 3-12(c), Judge Orrick issued a judicial referral to determine whether this case is related
28  to 25-cv-01923-JSC, *Dawson v. Napa County et al.*, which is proceeding before this Court (Judge

United States District Court
Northern District of California

Corley). (Dkt. No. 35.) No opposition to the judicial referral was filed within the time period provided by the Civil Local Rules. On June 23, 2025, this Court issued an order relating the cases.

**DISCUSSION**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). These avenues are "independent and mutually exclusive." *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016). On one hand, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad*, 540 U.S. at 750. On the other hand, "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.*; *see also Nettles*, 830 F.3d at 933 (whereas "habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence," "a § 1983 action is the exclusive vehicle for suits about prison life").

Here, Mr. Milner filed a section 1983 cause of action related to his arrest, the seizure of his vehicle, and the removal of his son. Then, in this section 1983 action, Mr. Milner filed a "petition for immediate relief pursuant to 28 U.S.C. [§] 2241," which he also refers to as a "motion for temporary restraining order and injunctive relief." (Dkt. No. 32 at 1.) The relief Mr. Milner seeks in the pending filing—prohibiting his detention—is not available through this section 1983 action. That is because were Mr. Milner successful, the result would be Mr. Milner's release from detention, which falls within the exclusive province of habeas corpus. *See Nettles*, 830 F.3d at 928 (stating claims which "would have resulted in immediate release if successful, fell within the core of habeas corpus and therefore had to be brought, if at all, in habeas") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Because release from custody is not a form of relief available under section 1983, and because Mr. Milner's petition/TRO at Docket No. 32 seeks release from custody, the Court DENIES without prejudice Mr. Milner's petition/TRO seeking to prohibit his detention.

Mr. Milner's petition also seeks access to the law library. He asserts he has "[n]o access to law library" and requests an "[i]njunction requiring access to court, legal mail, and law library."

3

(Dkt. No. 32 at 3.) This requested relief may be brought under section 1983. However, Mr. Milner's complaint does not assert this claim, and his petition does not establish a likelihood of success on the merits of this claim. As the Ninth Circuit explained:

> A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, *i.e.,* show a specific instance in which he was actually denied access to the courts.

*Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (cleaned up). Here, Mr. Milner has not established that his "access was so limited as to be unreasonable," nor has he established "actual injury." *See id.*

## CONCLUSION

For the reasons stated above, the Court DENIES without prejudice Mr. Milner's petition. This Order disposes of Docket No. 32.

**IT IS SO ORDERED.**

Dated: July 23, 2025

JACQUELINE SCOTT CORLEY
United States District Judge