UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>ERIK RANDALL MILNER,<br><br>        Plaintiff,<br><br>    v.<br><br>DUSTIN DODD, et al.,<br><br>        Defendants.</td><td>Case Nos.  25-cv-03350-JSC<br>           25-cv-03428-JSC<br><br><br>**ORDER RE: MOTIONS TO DISMISS**<br>Re: Case No. 25-cv-03350-JSC, Dkt. Nos.<br>69, 70, 74, 76;<br>Case No. 25-cv-03428-JSC, Dkt. No. 43.</td></tr>
<tr><td>ERIK RANDALL MILNER,<br><br>        Plaintiff,<br><br>    v.<br><br>NAPA EMERGENCY WOMEN'S<br>SERVICES (NEWS), et al.,<br><br>        Defendants.</td><td></td></tr>
</table>

In two cases, Erik Milner, proceeding in forma pauperis without attorney representation, sues the City of Napa, Napa County, and individual officers for violating his constitutional rights. (Case No. 25-cv-03350-JSC, Dkt. No. 72; Case No. 25-cv-03428-JSC, Dkt. No. 42.)[1] Now pending before the Court are Mr. Milner's motion for leave to file a second amended complaint, (Dkt. No. 69); Defendants' motion to dismiss or strike Mr. Milner's second amended complaint in Case No. 25-cv-03428-JSC, (Case No. 25-cv-03428-JSC, Dkt. No. 43); Defendants' motions to dismiss his amended complaint in Case No. 25-cv-03350-JSC, (Dkt. Nos. 75, 76); and Mr.

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 25-cv-03350-JSC, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.  Mr. Milner also filed a habeas petition in Case No. 25-cv-06193-JSC, and his fiancé Amanda Dawson has brought similar claims against similar defendants in Case Nos. 25-cv-01923-JSC and 25-cv-09369-JSC.

Milner's request for appointment of pro bono counsel, (Dkt. No. 70). Although Mr. Milner did not appear for oral argument on February 26, 2026, the Court has carefully considered the parties' submissions. The Court now DENIES Mr. Milner's motion for leave to file a second amended complaint as moot; GRANTS Defendants' motion to strike Mr. Milner's second amended complaint in Case No. 25-cv-03428-JSC; and DENIES Mr. Milner's request for appointment of pro bono counsel. The Court also GRANTS Defendants' motion to dismiss Mr. Milner's amended complaint in Case No. 25-cv-03350-JSC because he has not stated facts to plausibly allege any individual defendant violated his Fourth Amendment, Fourteenth Amendment, or First Amendment rights.

## BACKGROUND

I.      CASE NO. 25-CV-03350-JSC

A.      Complaint Allegations

On August 31, 2023, while "Plaintiff was in custodial detention at the Napa Police Department," Police Officer Dustin Dodd "personally ordered a blood draw from Plaintiff without a valid judicial warrant" or Plaintiff's consent. (Dkt. No. 72 at 3.) When Plaintiff objected and requested a warrant number, Officer Dodd stated "the number will be added later." (*Id.*) Police Sergeant Pete Piersig "was present and acting as the supervising officer," and heard Officer "Dodd admit that no warrant number existed and nevertheless permitted the blood draw to proceed." (*Id.*) The same day, Police Officer Nicholas Toscani "seized Plaintiff's vehicle without a warrant," but no judicial authorization was obtained until October 9, 2023. (*Id.*) Officer Toscani "also approved and signed off on video evidence later determined to contain forensic indicators of alteration and reconstruction," which "was relied upon without disclosure of its altered nature." (*Id.*) Officer Dodd, Sergeant Piersig, and Officer Toscani "produced and relied upon altered or reconstructed video evidence while failing to disclose its forensic deficiencies, depriving Plaintiff of a fair opportunity to challenge the evidence." (*Id.* at 4.)

On October 24, 2023, Police Officer Matthew Lipscomb "assisted Child Welfare Services [("CWS")] in removing Plaintiff's child." (*Id.* at 3.) Although prior to removal, Officer Lipscomb "documented that a warrant would be required if the removal was contested, . . . he participated in

United States District Court
Northern District of California

the removal without a judicial warrant, court order, or exigent circumstances." (*Id.* at 3-4.) CWS Social Worker Martha Jimenez Ramirez "participated in the removal of Plaintiff's child without judicial authorization and absent any immediate threat of harm." (*Id.* at 4.)

"Plaintiff filed motions, complaints, and legal challenges regarding Defendants' conduct. Following this protected activity, Defendants escalated enforcement actions against Plaintiff, including retaliatory warrants and probation actions." (*Id.*)

### B.    Procedural History

On April 15, 2025, Mr. Milner sued Dustin Dodd, Pete Peirsig, Jose Valasquez, Nick Toscani, Martha Jimenez Ramirez, Aric Bright, Napa Probation, CWS, and Napa Emergency Women's Services ("NEWS") for violations of his Eighth Amendment, Fourteenth Amendment, and First Amendment rights under 42 U.S.C. § 1983. (Dkt. No. 1.) CWS, Martha Jimenez Ramirez, and Napa Probation moved to dismiss, and then filed an amended motion also on behalf of Aric Bright. (Dkt. Nos. 14, 22.) The City of Napa, the Napa Police Department, Dustin Dodd, Pete Peirsig, Jose Velasquez, Matthew Lipscomb, and Nick Toscani also moved to dismiss and strike Mr. Milner's complaint or for a more definite statement. (Dkt. No. 15.) NEWS also filed a motion to dismiss. (Dkt. No. 24.)

Because Mr. Milner did not file a response to Defendants' motion to dismiss, the Court ordered him to show cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 30.) Mr. Milner responded and filed an emergency petition for a writ of habeas corpus, a temporary restraining order, and a preliminary injunction. (Dkt. Nos. 31, 32.) The Court denied Mr. Milner's habeas petition because it sought release from detention, a form of relief not available in a section 1983 action. (Dkt. No. 42.) And, as Mr. Milner remained incarcerated, the Court extended his time to oppose the motions to dismiss. (Dkt. No. 55.)

Instead of filing an opposition, Mr. Milner filed an amended complaint. (Dkt. No. 56.) CWS, Martha Jimenez Ramirez, and the Napa County District Attorney's Office moved to dismiss or strike Mr. Milner's complaint. (Dkt. No. 60.) Mr. Milner filed a sur-reply addressing the earlier motions to dismiss. (Dkt. No. 61.) He also sought leave to file an opposition to Defendants' motion to dismiss or strike. (Dkt. Nos. 65, 66.)

On December 12, 2025, the Court granted Defendants' motions to dismiss all of Mr. Milner's claims with leave to amend except as to his claims against Aric Bright, and granted Defendants' motion to strike Mr. Milner's amended complaint. (Dkt. No. 41.) On December 15, 2025, Mr. Milner moved for leave to file a second amended complaint, and then on December 31, 2025, Mr. Milner filed a first amended complaint. (Dkt. Nos. 69, 72.) In addition, on December 18, 2025, Mr. Milner filed a declaration seeking appointment of pro bono counsel, (Dkt. No. 70), which Defendants opposed, (Dkt. No. 74). Defendants now move to dismiss Mr. Milner's amended complaint. (Dkt. Nos. 75, 76.)

## II.    CASE NO. 25-CV-03428-JSC

In a separate case, Mr. Milner sued NEWS, CWS, Napa County Health & Human Services ("HHSA"), Napa Probation, and Martha Jimenez under RICO. (Case No. 25-cv-03428-JSC, Dkt. No. 1.) Defendants moved to dismiss. (Case No. 25-cv-03428-JSC, Dkt. Nos. 25, 30.) As Mr. Milner was incarcerated, the Court twice extended his time to oppose the motions to dismiss. (Case No. 25-cv-03428-JSC, Dkt. Nos. 31, 33.) Instead of opposing the pending motions, Mr. Milner filed an amended complaint, adding Aric Bright, Dustin Dodd, Nicholas Toscani, Matthew Lipscomb, Pete Peirsig, Jose Velasquez, the City of Napa, and the Napa Valley Police Department as defendants, and asserting violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to commit fraud and falsify judicial documents under 18 U.S.C. §§ 1341, 1343, and 1519; RICO claims; and violations of the False Claims Act, 31 U.S.C. § 3729. (Case No. 25-cv-03428-JSC, Dkt. No. 34.) CWS, HHSA, Napa Probation, and Martha Jimenez Ramirez then moved to strike or dismiss Mr. Milner's amended complaint. (Case No. 25-cv-03428-JSC, Dkt. No. 37.) Mr. Milner did not oppose this motion.

The Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 41.) However, because Mr. Milner's amended complaints in Case. Nos. 25-cv-03428-JSC and Case No. 25-cv-3350-JSC were identical, the Court directed Mr. Milner to "file a single amended complaint in Case No. 25-cv-03350-JSC consistent with this Order," and stated "Mr. Milner should include all claims and defendants from both his cases that he wishes to pursue in that complaint and should not file an amended complaint in Case No. 25-cv-03428-JSC." (Dkt. No. 41

at 17.)

Mr. Milner subsequently filed an amended complaint, which Defendants move to dismiss in light of the Court's order dismissing his prior complaint.  (Case No. 25-cv-03428-JSC, Dkt. Nos. 42, 43.)

**DISCUSSION**

**I.      MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

On December 15, 2025, Mr. Milner filed a motion for leave to file a second amended complaint.  (Dkt. No. 69.)  However, on December 31, 2025, he filed a first amended complaint. (Dkt. No. 72.)  So, the Court DENIES his motion for leave to file a second amended complaint as moot in light of his subsequent amended complaint.

**II.     MOTION TO DISMISS OR STRIKE AMENDED COMPLAINT IN CASE NO. 25-CV-03428-JSC**

After a plaintiff has "amend[ed] its pleading once as a matter of course," it "may amend its pleading only with the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  *Id.*

Mr. Milner has already amended his pleading once following Defendants' initial motions to dismiss.  (Case No. 25-cv-3428, Dkt. Nos. 1, 34.)  When the Court granted Defendants' motions to dismiss Mr. Milner's amended complaints in Case No. 25-cv-3428 and Case No. 25-cv-3350, which were identical, the Court ordered:

> Mr. Milner may file a single amended complaint in Case No. 25-cv-03350-JSC consistent with this Order. Mr. Milner should include all claims and defendants from both his cases that he wishes to pursue in that complaint and should not file an amended complaint in Case No. 25-cv-03428-JSC.

(Dkt. No. 41 at 17; *see also id.* at 6 n.3 (noting the complaints were identical).)  Nevertheless, Mr. Milner subsequently filed amended complaints in both cases.  (Dkt. Nos. 69, 72; Case No. 25-cv-03428-JSC, Dkt. No. 42.)  Because Mr. Milner has not obtained "the opposing party's written consent or the court's leave," and because he has leave to file an amended complaint in Case No. 25-cv-3350, the Court grants Defendants' motion to dismiss Mr. Milner's amended complaint in Case No. 25-cv-03428-JSC.  *See Strifling v. Twitter Inc.*, No. 22-CV-07739-JST, 2024 WL 54976,

at *1 (N.D. Cal. Jan. 4, 2024) ("[C]ourts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend." (citations omitted)).

### III. MOTIONS TO DISMISS MR. MILNER'S AMENDED COMPLAINT

#### A. Legal Standard

##### 1. Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). On a motion to dismiss, the court "must take all of the factual allegations in the complaint as true." *Id*. However, this presumption does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Ultimately, to avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," in other words, to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

##### 2. Section 1983 Claims

"42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by government officials." *Id.* To state a Section 1983 claim, a plaintiff must allege a government official (1) acted "under color of state law," and (2) "the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation marks and citation omitted).

In addition, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."

United States District Court
Northern District of California

United States District Court
Northern District of California

*Id.* Therefore, a plaintiff must allege a specific government official's actions caused his injuries. *See White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1998) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

**B.      Fourth Amendment Unreasonable Search Claim**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991) (citation omitted).

Searches pursuant to a warrant issued by a neutral magistrate are presumed to be reasonable, and the warrant is presumed to be valid. *See United States v. Leon*, 468 U.S. 897, 913-14 (1984); *see also Franks v. Delaware*, 438 U.S. 154, 171 (1975) ("There is, of course, a presumption of validity with respect to . . . the search warrant."). So, to state a Fourth Amendment violation for a search based on a warrant, a plaintiff must plausibly allege "the warrants were invalid under the Fourth Amendment." *See United States v. Artis*, 919 F.3d 1123, 1128 (9th Cir. 2019). To be valid, a search warrant (1) "must be issued by a neutral and detached magistrate," (2) "be supported by probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense," and (3) "describe the things to be seized and the place to be searched with particularity." *Id.* at 1129 (quotation marks and citation omitted); *see also* U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

Furthermore, a search without a valid warrant does not violate the Fourth Amendment if the officer had probable cause to search and exigent circumstances justified the search. *See Jones v. City of N. Las Vegas*, 150 F.4th 1030, 1036 (9th Cir. 2025). "Probable cause exists where the facts and circumstances before the officer are sufficient to warrant a person of reasonable caution

to believe that a suspect would be found in a place." *Id.* at 1036 (quotation marks and citations omitted). Exigent circumstances include "the hot pursuit of a fleeing suspect, the need to prevent the imminent destruction of relevant evidence, and the need to prevent the escape of a suspect." *Id.* at 1035-36 (quotation marks and citations omitted).

Mr. Milner alleges Officer Dodd "violated [his] Fourth Amendment rights by ordering and causing a non-consensual blood draw without a valid warrant or exigent circumstances." (Dkt. No. 72 at 4.) Mr. Milner contends the warrant was invalid because when he requested a warrant number, Officer Dodd responded "the number will be added later." (*Id.* at 3.) However, the mere absence of a warrant number does not make a warrant invalid. Because Mr. Milner has not alleged facts that support a reasonable inference the warrant was not issued by a neutral magistrate, supported by probable cause, or lacked particularity, he has not plausibly alleged the warrant was invalid. *See Artis*, 919 F.3d at 1129.

In addition, even if Mr. Milner had plausibly alleged facts that support a finding the warrant was invalid, he does not allege facts that support an inference Officer Dodd lacked probable cause to draw his blood or allege facts supporting his conclusory allegation there were no exigent circumstances. That Mr. Milner "was in custodial detention" when Officer Dodd drew his blood is insufficient to draw a reasonable inference no exigent circumstances existed. (Dkt. No. 72 at 3.) *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1449-50 (9th Cir. 1991) (explaining exigent circumstances may apply if "during the time it would take to procure a warrant, the evidence of the defendant's intoxication would be eliminated from his bloodstream" (citing *Schmerber v. California*, 384 U.S. 757, 770 (1966))).

So, the Court dismisses Mr. Milner's Fourth Amendment claim against Officer Dodd.

### C.    Fourth Amendment Failure to Intervene Claim

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quotation marks and citation omitted). However, if there is no underlying constitutional violation, an officer cannot be liable for failing to intervene. *See Shepard v.* Perez, 609 F. App'x 942, 942-43 (9th Cir. 2015) ("A failure-to-intervene claim requires an underlying

United States District Court
Northern District of California

constitutional violation."). Furthermore, "officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289 (citations omitted).

Mr. Milner alleges Sergeant Piersig "violated [his] Fourth Amendment rights by knowingly allowing the warrantless blood draw to proceed." (Dkt. No. 72 at 4.) However, because Mr. Milner has not plausibly alleged Officer Dodd violated his Fourth Amendment rights in drawing his blood, he cannot plausibly allege Sergeant Piersig violated his Fourth Amendment rights by failing to intervene.

So, the Court dismisses Mr. Milner's Fourth Amendment claim against Sergeant Piersig.

### D.    Fourth Amendment Unreasonable Seizure of Vehicle Claim

"[T]he existence of probable cause alone justifies a warrantless search or seizure of a vehicle lawfully parked in a public place." *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985). "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Steinman*, 159 F.4th 550, 568 (9th Cir. 2025).

Mr. Milner alleges Officer Toscani "violated [his] Fourth Amendment rights by seizing [his] vehicle without a warrant" on August 31, 2023, the day he was arrested. (Dkt. No. 72 at 3-5.) However, Plaintiff does not allege Officer Toscani did not have probable cause to seize his vehicle or allege any facts supporting a reasonable inference there was no "fair probability that contraband or evidence of a crime" could be found in the car. *See Steinman*, 159 F.4th at 568.

So, the Court dismisses Mr. Milner's Fourth Amendment claim against Officer Toscani.

### E.    Fourteenth Amendment Due Process Claim for Evidence Fabrication

"[T]here is a clearly established constitutional due process right not to be subject to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1112 (9th Cir. 2018) (quotation marks and citation omitted). A plaintiff can prove deliberateness by "produc[ing] direct evidence of deliberate fabrication," or by "produc[ing] circumstantial evidence related to a defendant's motive." *Id.* (citations omitted). If a plaintiff alleges fabrication based on circumstantial evidence:

United States District Court
Northern District of California

[A] plaintiff must: support[] at least one of the following two propositions: (1) [d]efendants continued their investigation . . . despite the fact that they knew or should have known that [the plaintiff] was innocent; or (2) [d]efendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.

*Id.* (cleaned up).

Mr. Milner alleges Officers Dodd and Toscani "deprived [him] of due process by producing, approving, and relying upon altered or reconstructed video evidence and post-hoc warrant documentation," and "failing to disclose its forensic deficiencies, depriving [him] of a fair opportunity to challenge the evidence." (Dkt. No. 72 at 4-5.) Mr. Milner also alleges Officer Toscani "approved and signed off on video evidence later determined to contain forensic indicators of alteration and reconstruction, including Evidence.com booking irregularities and non-native encoding," and the "evidence was relied upon without disclosure of its altered nature." (*Id.* at 3.) Although Mr. Milner alleges Officers Dodd and Toscani "produc[ed], approv[ed], and rel[ied] upon" deficient evidence, he does not allege what evidence was fabricated, how the officers fabricated such evidence, or what criminal charges resulted from the fabricated evidence. He also does not allege either direct or circumstantial facts which would support a reasonable inference Officers Dodd and Toscani fabricated evidence ***deliberately***. So, absent factual allegations, Mr. Milner has not plausibly stated a Fourteenth Amendment claim based on Officer Dodd's and Officer Toscani's fabrication of evidence.

In addition, Mr. Milner cannot bring a section 1983 claim if it would imply the invalidity of resulting criminal charges. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Mr. Milner's current complaint does not allege what evidence was deliberately fabricated, how it related to a subsequent criminal charge, and whether the criminal charge has been invalidated. However, to the extent Mr. Milner seeks to allege deliberate fabrication of evidence led to his criminal conviction, and the criminal conviction

remains valid, *Heck* prevents him from bringing a section 1983 claim.

So, the Court dismisses Mr. Milner's Fourteenth Amendment fabrication of evidence claim.

### F.     Fourteenth Amendment Familial Association Claims

 "The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quotation marks and citation omitted).  "Officials violate this right if they remove a child from the home absent information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Id.* (quotation marks and citation omitted).

Mr. Milner alleges Ms. Ramirez and Officer Lipscomb violated his Fourteenth Amendment rights by removing or participating in the removal of "[his] child without judicial authorization." (Dkt. No. 72 at 5.)  As to Ms. Ramirez, he alleges she removed his child "absent any immediate threat of harm." (*Id.* at 4.)  And, as to Officer Lipscomb, he alleges Officer Lipscomb previously "documented that a warrant would be required if the removal was contested" but still "participated in the removal without a judicial warrant, court order, or exigent circumstances." (*Id.* at 3-4.)  However, Mr. Milner does not allege any facts supporting his conclusory allegations there was no "immediate threat of harm," and no "judicial warrant, court order, or exigent circumstances." *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

So, Mr. Milner has not plausibly alleged a Fourteenth Amendment familial association claim against Ms. Ramirez and Officer Lipscomb.

### G.     First Amendment Retaliation Claim

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quotation marks and citation omitted).  A plaintiff must allege an official "acted with a retaliatory motive" to cause a plaintiff's injury, meaning "the adverse action against the plaintiff would not

11

have been taken absent the retaliatory motive." *Id.* at 398-99.  A plaintiff must therefore plead the absence of probable cause or non-retaliatory motives for an official's actions.  *See Hartman v. Moore*, 547 U.S. 250, 265-66 (2006).

Mr. Milner alleges Officers Dodd, Piersig, Toscani, and Lipscomb "took adverse actions against [him] in retaliation for his protected activity of filing legal motions and complaints."  (Dkt. No. 72 at 5.)  However, he does not allege each Defendant "acted with a retaliatory motive," or lacked any probable cause or non-retaliatory motive for their actions.  *See Nieves*, 587 U.S. at 398-99; *see also Hartman*, 547 U.S. at 265-66.  And, although he alleges "Defendants escalated enforcement actions against [him], including retaliatory warrants and probation actions," he does not identify which Defendant took these actions.  *See Roper*, 901 F.2d at 1505 (holding a plaintiff must allege a specific government official's actions caused his injuries).

So, the Court dismisses Mr. Milner's First Amendment retaliation claim.

### H.    *Monell* Claims Against the City of Napa and Napa County

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978).  To state a *Monell* claim, a plaintiff must first show his constitutional rights were violated by an individual defendant who was a local government employee.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.")  Because as explained above, Mr. Milner has not alleged any individual officer violated his constitutional rights, he cannot allege a *Monell* claim against the City of Napa or Napa County.

However, a plaintiff must also "establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [he] suffered." *AE ex rel. Hernandez v. Cnty. of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012) (cleaned up). "[G]enerally, a single instance of unlawful conduct is insufficient to state a claim for municipal

United States District Court
Northern District of California

liability," but it may be sufficient "where fault and causation were clearly traceable to a municipality's legislative body or some other authorized decisionmaker." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (cleaned up).  Although Mr. Milner alleges individual officers violated his constitutional rights, he has not identified a particular Napa County or Napa City policy, custom, or practice and explained how it "was the moving force behind the[se] constitutional violation[s]." *Cnty. of Tulare*, 666 F.3d at 636.  Mr. Milner's conclusory allegation the violations of his constitutional rights "were caused by municipal policies, customs, and deliberate indifference" are conclusory and therefore insufficient.  (Dkt. No. 72 at 5.)  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

So, the Court dismisses Mr. Milner's *Monell* claims against the City of Napa and Napa County.

## IV.     REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

"[T]he appointment of counsel in a civil case is . . . a privilege and not a right." *Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").  The Court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted).  To determine whether "exceptional circumstances" are present, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Mr. Milner asserts his "claims are meritorious" and his "case involves complex constitutional claims, including civil rights violations, fraud, and RICO-related allegations, and names more than thirteen defendants, including government agencies, law enforcement officers, prosecutors, and a private nonprofit entity." (Dkt. No. 70 at 1.)  Having considered his pleadings to date, as well as his motion and the factors outlined in *Weygandt*, Mr. Milner has not yet demonstrated a likelihood of success or that the issues in this case are sufficiently complex, so the interests of justice do not warrant appointment of pro bono counsel at this time.

United States District Court
Northern District of California

The Court therefore denies Mr. Milner's request without prejudice to his bringing a renewed motion for appointment of pro bono counsel consistent with Local Rules 7-1(a) and 7-2(b).

**CONCLUSION**

For the reasons stated above, the Court DENIES Mr. Milner's motion for leave to file a second amended complaint as moot in light of his subsequent amended complaint and DENIES Mr. Milner's request for appointment of pro bono counsel without prejudice to his bringing a renewed motion. The Court also GRANTS Defendants' motion to strike or dismiss Mr. Milner's amended complaint in Case No. 25-cv-03428-JSC.

In addition, the Court GRANTS Defendants' motion to dismiss Mr. Milner's amended complaint in Case No. 25-cv-03350-JSC. Because Mr. Milner has already had multiple opportunities to amend his complaint and did not appear at oral argument to explain how even further amendments could cure pleading deficiencies, the Court does not grant Mr. Milner leave to file another amended complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] court may dismiss without leave [to amend] where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." (citation omitted)); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" (citation omitted)).

The Court also GRANTS NEWS's request for dismissal as a defendant in Case No. 25-cv-03350-JSC and Case No. 25-cv-03428-JSC because it is not named in Mr. Milner's amended complaint. (Dkt. No. 73.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court will therefore enter judgment for Defendants and against Mr. Milner in Case No. 25-cv-03350-JSC and Case No. 25-cv-03428-JSC.

Finally, as Mr. Milner is proceeding without counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Mr. Milner may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free

14

assistance regarding his claims.

This Order disposes of Docket Nos. 69, 74, and 76 in Case No. 25-cv-03350-JSC, and Docket No. 43 in Case No. 25-cv-03428-JSC.

**IT IS SO ORDERED.**

Dated: February 27, 2026

JACQUELINE SCOTT CORLEY
United States District Judge