United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RANDALL MILNER,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN DODD, et al.,<br><br>Defendants. | Case Nos.  25-cv-03350-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTIONS TO ALTER OR VACATE JUDGMENT**<br><br>Re: Dkt. Nos. 87, 91 |
| ERIK RANDALL MILNER,<br><br>Plaintiff,<br><br>v.<br><br>NAPA EMERGENCY WOMEN'S SERVICES, et al.,<br><br>Defendants. | Case No.  25-cv-03428-JSC<br><br>Re: Dkt. No. 53 |

In two cases, Plaintiff, proceeding in forma pauperis without attorney representation, sued the City of Napa, Napa County, and individual officers for violating his constitutional rights. (Case No. 25-cv-03350-JSC, Dkt. No. 72; Case No. 25-cv-03428-JSC, Dkt. No. 42.)[1]  On February 27, 2026, the Court granted Defendants' motions to dismiss Plaintiff's amended complaints and entered judgment against Plaintiff in Case Nos. 25-cv-03350-JSC and 25-cv-03428-JSC.  (Dkt. Nos. 84, 85; Case No. 25-cv-03428-JSC, Dkt. Nos. 51, 52.)  Now pending before the Court are Plaintiff's motions to alter or vacate judgment in Case No. 25-cv-03350-JSC,

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 25-cv-03350-JSC, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.  Plaintiff also filed a habeas petition in Case No. 25-cv-06193-JSC, and his fiancé Amanda Dawson has brought similar claims against similar defendants in Case Nos. 25-cv-01923-JSC and 25-cv-09369-JSC.

(Dkt. Nos. 87, 91), and to vacate judgment in Case No. 25-cv-03428-JSC, (Case No. 25-cv-03428-JSC, Dkt. No. 53). Having carefully considered the parties' submissions, the Court DENIES Plaintiff's motions. Plaintiff has not shown amending the Court's judgment is necessary to prevent manifest injustice under Federal Rule of Civil Procedure 59(e). Plaintiff also has not shown relief from judgment is justified by excusable neglect or extraordinary circumstances under Federal Rules of Civil Procedure 60(b)(1) or 60(b)(6).

**BACKGROUND**

**I.      CASE NO. 25-CV-03350-JSC**

On April 15, 2025, Plaintiff sued Dustin Dodd, Pete Peirsig, Jose Valasquez, Nick Toscani, Martha Jimenez Ramirez, Aric Bright, Napa Probation, Napa Child Welfare Services ("CWS"), and Napa Emergency Women's Services ("NEWS") for violations of his Eighth Amendment, Fourteenth Amendment, and First Amendment rights under 42 U.S.C. § 1983. (Dkt. No. 1.) In several separate motions, Defendants moved to dismiss. (Dkt. Nos. 14, 15, 22, 24.) Because Plaintiff did not respond to Defendants' motion to dismiss, the Court ordered him to show cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 30.) Plaintiff responded and filed an emergency petition for a writ of habeas corpus, a temporary restraining order, and a preliminary injunction. (Dkt. Nos. 31, 32.) The Court denied Plaintiff's habeas petition because it sought release from detention, a form of relief not available in a section 1983 action. (Dkt. No. 42.) The Court also extended Plaintiff's time to oppose the motions to dismiss. (Dkt. No. 55.)

Instead of responding to the motions to dismiss, Plaintiff filed an amended complaint. (Dkt. No. 56.) CWS, Martha Jimenez Ramirez, and the Napa County District Attorney's Office moved to dismiss or strike Plaintiff's amended complaint. (Dkt. No. 60.) Plaintiff filed a sur-reply addressing the earlier motions to dismiss and sought leave to file an opposition to Defendants' motion to dismiss or strike his amended complaint. (Dkt. Nos. 61, 65, 66.) On December 12, 2025, the Court granted Defendants' motions to dismiss all of Plaintiff's claims with leave to amend except as to his claims against Aric Bright, and granted Defendants' motion to strike Plaintiff's amended complaint. (Dkt. No. 41.)

Plaintiff then moved for leave to file a second amended complaint before filing a first

2

amended complaint. (Dkt. Nos. 69, 72.) Plaintiff also filed a declaration seeking appointment of pro bono counsel, (Dkt. No. 70), which Defendants opposed, (Dkt. No. 74). Defendants moved to dismiss Plaintiff's first amended complaint. (Dkt. Nos. 75, 76.)

On January 20, 2026, Plaintiff asked the Court to provide him paper service by U.S. Mail because he "d[id] not have reliable or consistent access to email, electronic filing systems, or the technical ability to open, download, or review court documents electronically in a timely or meaningful way." (Dkt. No. 78.) On February 10, 2026, the Court granted Plaintiff's request, ordered service by mail of all future filings, extended Plaintiff's deadline to oppose Defendants' motions to dismiss to February 25, 2026, and mailed Plaintiff several prior filings, including Defendants' pending motions to dismiss. (Dkt. No. 82.) The same day, the City of Napa Defendants also mailed Plaintiff their pending motion to dismiss. (Dkt. No. 90-2.) However, Plaintiff did not oppose or appear at oral argument on Defendants' motions to dismiss. (Dkt. No. 83.) Ultimately, on February 27, 2026, the Court granted Defendants' motions to dismiss Plaintiff's first amended complaint for failure to state a claim, (Dkt. No. 84), and entered judgment against Plaintiff, (Dkt. No. 85).

Plaintiff now moves to alter judgment under Federal Rule of Civil Procedure 59(e), (Dkt. No. 87), and to vacate judgment under Federal Rule of Civil Procedure 60(b), (Dkt. No. 91).

## II.     CASE NO. 25-CV-03428-JSC

In a separate case, Plaintiff sued NEWS, CWS, Napa County Health & Human Services ("HHSA"), Napa Probation, and Martha Jimenez under RICO. (Case No. 25-cv-03428-JSC, Dkt. No. 1.) Defendants moved to dismiss. (Case No. 25-cv-03428-JSC, Dkt. Nos. 25, 30.) The Court twice extended Plaintiff's time to oppose the motions to dismiss. (Case No. 25-cv-03428-JSC, Dkt. Nos. 31, 33.) Instead of opposing the pending motions, Plaintiff filed an amended complaint, adding Aric Bright, Dustin Dodd, Nicholas Toscani, Matthew Lipscomb, Pete Peirsig, Jose Velasquez, the City of Napa, and the Napa Valley Police Department as defendants, and asserting violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to commit fraud and falsify judicial documents under 18 U.S.C. §§ 1341, 1343, and 1519; RICO claims; and violations of the False Claims Act, 31 U.S.C. § 3729. (Case No. 25-

United States District Court
Northern District of California

cv-03428-JSC, Dkt. No. 34.) CWS, HHSA, Napa Probation, and Martha Jimenez Ramirez then moved to strike or dismiss Plaintiff's amended complaint. (Case No. 25-cv-03428-JSC, Dkt. No. 37.) Plaintiff did not oppose this motion.

The Court granted Defendants' motion to dismiss with leave to amend. (Case No. 25-cv-03428-JSC, Dkt. No. 41.) However, because Plaintiff's amended complaints in Case No. 25-cv-03428-JSC and Case No. 25-cv-3350-JSC were identical, the Court directed Plaintiff to "file a single amended complaint in Case No. 25-cv-03350-JSC consistent with this Order," and stated "[Plaintiff] should include all claims and defendants from both his cases that he wishes to pursue in that complaint and should not file an amended complaint in Case No. 25-cv-03428-JSC." (*Id.* at 17.) Plaintiff nevertheless filed an amended complaint, which Defendants moved to dismiss in light of the Court's order. (Case No. 25-cv-03428-JSC, Dkt. Nos. 42, 43.)

Like in Case No. 25-cv-03350-JSC, Plaintiff asked the Court to provide him paper service by U.S. Mail. (Case No. 25-cv-03428-JSC, Dkt. No. 48.) On February 10, 2026, the Court granted his request and mailed him several prior filings, including Defendants' pending motion to dismiss. (Case No. 25-cv-03428-JSC, Dkt. No. 49.) But Plaintiff did not oppose the motion or appear at oral argument. (Case No. 25-cv-03428-JSC, Dkt. No. 50.) And on February 27, 2026, the Court struck his amended complaint in light of the Court's prior order to file any amended complaints in Case No. 25-cv-03350-JSC and entered judgment against Plaintiff. (Case No. 25-cv-03428-JSC, Dkt. Nos. 51, 52.) Plaintiff now seeks relief from judgment under Federal Rule of Civil Procedure 60(b). (Case No. 25-cv-03428-JSC, Dkt. No. 53.)

**DISCUSSION**

After moving to alter or vacate this Court's judgments, Plaintiff filed notices of appeal to the Ninth Circuit. (Dkt. No. 92; Case No. 25-CV-03428-JSC, Dkt. No. 54.) "The filing of a notice of appeal generally divests the district court of jurisdiction." *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) (citations omitted). However, under Federal Rule of Appellate Procedure 4(a)(4), "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of" a motion "to alter or amend the judgment under Rule 59" or "for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under

4

Rule 59"—"the notice becomes effective to appeal a judgment . . . when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(A)(iii), 4(a)(4)(A)(vi), 4(a)(4)(B)(i).  So, the Court may consider Plaintiff's motions.

**I.      MOTION TO AMEND JUDGMENT**

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).  "But amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:"

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;
> (2) if such motion is necessary to present newly discovered or previously unavailable evidence;
> (3) if such motion is necessary to prevent manifest injustice; or
> (4) if the amendment is justified by an intervening change in controlling law.

*Id.* (citation omitted).  "[T]o justify reconsideration based on an error of law or the need to prevent a manifest injustice, the moving party must demonstrate 'clear error.'"  *Beverly v. Network Sols., Inc.*, No. C-98-0337-VRW, 1998 WL 917526, at *4 (N.D. Cal. Dec. 30, 1998); *see also SEC v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *3 (N.D. Cal. June 9, 2011) ("[C]ourts have generally indicated that manifest injustice constitutes the result of a plain error.").  "[C]lear error occurs where the court 'is left with the definite and firm conviction that a mistake has been committed.'"  *See Ouyang v. Manella*, No. 2:20-05707 SVW (ADS), 2021 WL 1055214, at *1 (C.D. Cal. Feb. 16, 2021) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).  "More specifically, '[a] manifest injustice is defined as an error in the trial court that is direct, obvious, and observable.'"  *Id.* (citation omitted); *see also SEC*, 2011 WL 2293195, at *3 (explaining plain error includes an error "so direct, obvious, and observable . . . that the trial court should correct its mistake and thereby spare the parties and the appellate courts the burden of

unnecessary appellate proceedings" (cleaned up)). "To prevail on a theory that the court manifestly erred a moving party 'must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Ouyang*, 2021 WL 1055214, at \*1 (quoting *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010)).

In Case No. 25-cv-03350-JSC, Plaintiff moves to alter judgment "to prevent manifest injustice" "because he did not receive Defendants' Motions to Dismiss or notice of the hearing dates by U.S. Mail" and "first learned of the dismissal on March 3, 2026 when reviewing the docket online." (Dkt. No. 87 at 2.) However, although Plaintiff contends "he has substantive opposition arguments addressing Defendants' Motions to Dismiss," (*id.* at 4), Plaintiff does not point to any errors in the Court's order dismissing his amended complaint on its merits. Because Plaintiff has not presented any facts, law, or argument showing the Court's error, amending judgment is not necessary to prevent manifest injustice. *See Beverly*, 1998 WL 917526, at \*4. So, the Court denies Plaintiff's Rule 59(e) motion.

## II.    MOTIONS FOR RELIEF FROM JUDGMENT

Plaintiff also seeks relief from judgment under Federal Rule of Civil Procedure 60(b) because he did not know about Defendants' motions to dismiss or the Court's hearing on the motions. (Dkt. No. 87 at 6; Dkt. No. 91 at 6; Case No. 25-cv-03428-JSC, Dkt. No. 53 at 3.) On February 10, 2026, the Court mailed Defendants' motions, which included the February 26, 2026 hearing date, to Plaintiff's address, which Plaintiff states "was correct and unchanged." (Dkt. No. 87 at 6.) The City Defendants also mailed their motion to dismiss in Case No. 25-cv-03350 to Plaintiff on February 10, 2026. (Dkt. No. 90-2.) However, Plaintiff declares he first learned of the hearing and judgment when his fiancé received a PACER notification, and of the dismissal when he reviewed the docket online on March 3, 2026. (Dkt. No. 87 at 6; Dkt. No. 91 at 6.)

Federal Rules of Civil Procedure 60(b) provides "the court may relieve a party . . . from its final judgment" for "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), 60(b)(6). Under Rule 60(b)(1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

potential impact on the proceedings; (3) the reason for the delay, and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Plaintiff is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(1).  First, although danger of prejudice to the opposing party requires "more harm than simply a delay in resolving the case," it exists when the defendants "will be forced to devote further resources to litigating this action." *See Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1118-19 (C.D. Cal. 2005) (finding danger of prejudice to the defendants weighed in favor of denying the plaintiff's Rule 60(b)(1) motion).  "These additional costs would be particularly prejudicial [when] [the] plaintiff's failure to abide by court orders and her failure to follow the basic procedures outlined in the Federal Rules of Civil Procedure have already increased defendants' defense costs," and "[f]urther proceedings of the type plaintiff requests [] would be futile." *Id.* at 1119-20.  Like the plaintiff in *Stewart*, Plaintiff has repeatedly missed deadlines and failed to comply with court orders, which has increased Defendants' litigation costs.  And the Court's review of Plaintiff's proposed second amended complaint, (Dkt. No. 91 at 9-13), persuades it his amendments—and therefore any further proceedings—will be futile.  So, the danger of prejudice to Defendants weighs against granting Plaintiff's motions.

Second, although Defendants point to Plaintiff's repeated delays throughout these cases, Plaintiff's Rule 60(b)(1) motions were timely, so the length of the delay and its potential impact on the proceedings does not weigh against granting Plaintiff's motions.

Third, "[i]n determining the adequacy of the reason proffered, the court must take into account whether the movant was in reasonable control of the circumstances that caused the delay." *Stewart*, 574 F. Supp. 2d at 1120 (citing *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996)); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (cleaned up)).  Plaintiff seeks relief from judgment because he did not receive notice of Defendants' motions to dismiss or the Court's hearing on those motions and

7

United States District Court
Northern District of California

therefore could not oppose them before the Court entered judgment.  However, because Plaintiff's fiancé received PACER notifications about his cases, and once she informed him of the judgments, he was able to review the dockets online, Plaintiff "was in reasonable control of the circumstances that caused the delay." *See Stewart*, 574 F. Supp. 2d at 1120; *see also Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 (9th Cir. 1989) (denying Rule 60(b)(1) motion because the moving party did not receive notice of a judgment but "did not exercise [] diligence" in ascertaining whether judgment had been entered).  In addition, after Plaintiff filed an amended complaint in Case No. 25-cv-03428-JSC on December 15, 2025, (Case No. 25-cv-03428-JSC, Dkt. No. 42), and in Case No. 25-cv-03350-JSC on December 31, 2025, (Dkt. No. 72), Plaintiff should have reviewed the dockets for Defendants' required response under Federal Rule of Civil Procedure 15(a)(3).  Furthermore, the Court mailed Plaintiff the motions to dismiss on February 10, 2025, and given Plaintiff's admission the mailing address was correct and unchanged, Plaintiff provides no reason why he never received the motions.  So, Plaintiff's proffered reasons do not adequately excuse his failure to oppose Defendants' motions to dismiss and weigh against granting his motions.

Fourth, although Defendants contend Plaintiff's non-receipt of the motions to dismiss is not credible, Defendants do not argue Plaintiff's failure to oppose the motions to dismiss was "devious, deliberate, willful, or in bad faith," *Stewart*, 574 F. Supp. 2d at 1121 (cleaned up); *see also Bateman*, 231 F.3d at 1225 ("[T]here is no evidence that he acted with anything less than good faith.  His errors resulted from negligence and carelessness, not from deviousness or willfulness.").  So, Plaintiff's apparent good faith weighs in favor of granting Plaintiff's motion.

Because two factors weigh against granting Plaintiff's motions, and Rule 60(b) "provides for extraordinary relief," the Court denies Plaintiff's motions for relief from judgment under Rule 60(b)(1).  *See Stevens*, 868 F.2d at 1041 n.1 (quotation marks and citation omitted); *see also Stewart*, 573 F. Supp. 2d at 1122 (denying Rule 60(b)(1) motion when two factors weighed against granting motion).

Plaintiff also moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).  Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice

and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (cleaned up). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Id.* (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). Because Plaintiff does not provide any evidence of extraordinary circumstances beyond his control or explanation why the Court's judgments were erroneous, the Court denies Plaintiff's motions for relief from judgment under Rule 60(b)(6).

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motions to amend or provide relief from judgment in Case Nos. 25-cv-03350-JSC and 25-cv-03428-JSC.

This Order disposes of Case No. 25-cv-03350-JSC, Docket Nos. 87 and 91, and Case No. 25-cv-03428-JSC, Docket No. 53.

**IT IS SO ORDERED.**

Dated: April 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

9